

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*401 Market Street, P.O. Box 2098*   856-757-5026
*Camden, New Jersey 08101*

ABJ/PL AGR
2020R00990

April 3, 2025

Stanley O. King, Esq.
231 S. Broad Street
Woodbury, NJ 08096

Re:     Plea Agreement with Artus Johnson

Dear Mr. King:

This letter sets forth the plea agreement between your client, Artus Johnson, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on April 18, 2025, if it is not accepted in writing by that date. If Artus Johnson does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

## Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Artus Johnson to Count 19 of the Superseding Indictment, Crim. No. 24-759 (CPO), which charges Artus Johnson with conspiracy to distribute and possess with intent to distribute a substance or mixture containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.

If Artus Johnson enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will dismiss the balance of the charged pending against Artus Johnson in the Superseding Indictment and not initiate any further criminal charges against Artus Johnson because of his drug trafficking and firearm possession activity from in or about August 2023 to February 2024. In addition, if Artus Johnson fully complies with this agreement, at sentencing, this Office will move to dismiss Counts 12, 15, 16, and 25 of the Superseding Indictment, Criminal No. 24-759, against Artus Johnson.

expiration of any term of imprisonment imposed. Should Artus Johnson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Artus Johnson may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Forfeiture

As part of Artus Johnson's acceptance of responsibility and pursuant to 21 U.S.C. § 853, Artus Johnson agrees to forfeit to the United States any and all property constituting or derived from any proceeds Artus Johnson obtained, directly or indirectly, as the result of the violation charged in Count 19 of the Superseding Indictment, and all of Artus Johnson's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Superseding Indictment.

Artus Johnson further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Artus Johnson (the "Money Judgment"). Artus Johnson consents to the entry of an order requiring Artus Johnson to pay the Money Judgment and agrees that such Order will be final as to Artus Johnson prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Artus Johnson's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Artus Johnson further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Probation Office of: (1) this agreement; and (2) the full nature and extent of Artus Johnson's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Artus Johnson will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Artus Johnson waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Artus Johnson understands that, if Artus Johnson is not a citizen of the United States, Artus Johnson's guilty plea to the charged offenses will likely result in Artus Johnson being subject to immigration proceedings and removed from the United States by making Artus Johnson deportable, excludable, or inadmissible, or ending Artus Johnson's naturalization. Artus Johnson understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Artus Johnson wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Artus Johnson's removal from the United States. Artus Johnson understands that Artus Johnson is bound by this guilty plea regardless of

any immigration consequences. Accordingly, Artus Johnson waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Artus Johnson also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Artus Johnson. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Artus Johnson from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

(CONTINUED ON NEXT PAGE)

## No Other Promises

This agreement constitutes the entire plea agreement between Artus Johnson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: *[signature: Andrew B. Johns]*
ANDREW B. JOHNS
Assistant U.S. Attorney

APPROVED:

*[signature: Jason M. Richardson]*

JASON M. RICHARDSON
Attorney-in-Charge, Camden Branch

I have received this letter from my attorney, Stanley O. King, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsels' explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 4/13/25
Artus Johnson


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 4/13/25
Stanley O. King, Esq.
Counsel for Defendant

- 8 -

Plea Agreement With Artus Johnson

Schedule A

1. This Office and Artus Johnson recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

3. The applicable guideline is U.S.S.G. § 2D1.1.

4. The offense level is the offense level specified in the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c). U.S.S.G. § 2D1.1(a)(5).

5. Artus Johnson's offense involved the distribution and possession with intent to distribute 701 grams of cocaine, and 11.9 grams of cocaine base. This equates to 182.6949 kilograms of Combined Drug Weight. Therefore, the base offense level is 24. U.S.S.G. 2D1.1(c)(8).

6. As of the date of this letter, Artus Johnson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense/offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Artus Johnson's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Artus Johnson has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Artus Johnson's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Artus Johnson enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Artus Johnson's acceptance of responsibility has continued through the date of sentencing and Artus Johnson therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Artus Johnson's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater

8. Accordingly, the parties agree that the total Guidelines offense level applicable to Artus Johnson is 21 (the "Total Offense Level").

9. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge

applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

10. If the term of imprisonment does not exceed 87 months, and except as specified in the next paragraph below, Artus Johnson will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 70 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

   a. Any proceeding to revoke the term of supervised release.

   b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

   c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).